✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA

V.

__WILLIAM REX BRYSON__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case    2:09 cr 31

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
  - for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence     a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____      _____
*Date*                        *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**
**2:09 cr 31**

**UNITED STATES OF AMERICA,**

Vs.                                                                                          **ADDENDUM TO**
                                                                                             **DETENTION ORDER**
**WILLIAM REX BRYSON.**

_____

**I.   FACTORS CONSIDERED**

   **18 U.S.C. § 3142:**

   **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

   **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

   **(2)** the weight of the evidence against the person;

   **(3)** the history and characteristics of the person, including--

      **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

      **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

   **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve crimes of violence, that being possession of a firearm by a convicted felon in violation of 18 USC § 922(g)(1). These offenses are considered to be crimes of violence in the Western District of North Carolina. The offenses also both involved firearms.

**(g)(2):** The weight of the evidence against the person appears to be at the level of probable cause.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties. The defendant has been employed for his father for approximately 30 years and is now self-employed. The defendant has some financial resources. The defendant has had a long length of residence in the Jackson County community. The defendant's physical health if poor in that he has high blood pressure, pain in his right shoulder and back problems. The defendant has a long history of use of methamphetamine and has used the drug for over 10 years. The defendant's history criminal history shows the following convictions:

| Offense | Conviction Date |
|---|---|
| Driving while impaired | 11/13/78 |
| Driving while impaired | 02/12/80 |
| Driving while impaired | 10/27/82 |
| Hit and run | 05/19/86 |
| Misdemeanor carrying a concealed gun | 07/16/03 |
| Misdemeanor possession of drug paraphernalia | 07/16/03 |
| Felony possession of a schedule II controlled substance | 07/16/03 |
| Felony sell and deliver of a schedule II controlled substance | 01/26/04 |
| Felony possession with intent to manufacture, sell and deliver a Schedule II controlled substance | 01/26/04 |
| Felony possession of a stolen firearm | 01/26/04 |
| Felony possession of stolen goods | 01/26/04 |
| Misdemeanor possession of drug paraphernalia | 01/26/04 |
| Felony possession of stolen property | 01/26/04 |
| Felony possession of stolen property | 01/26/04 |
| Felony possession of weapons of mass destruction(3 counts) | 01/26/04 |
| Misdemeanor possession of drug paraphernalia | 06/02/09 |
| Misdemeanor possession of drug paraphernalia | 09/17/09 |

Misdemeanor possession of a schedule II controlled substance        09/17/09
Misdemeanor spotlighting deer                                       11/16/09

The defendant's record concerning appearance at court appearances shows that the defendant appears in court as he is scheduled to do.

     **(B)** At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant has been released on bond of charges of misdemeanor assault on a female, felony assault inflicting serious bodily injury, felony degree kidnaping, felony second degree kidnaping and felony possession of a firearm by a felon on July 21, 2008. As a result, this factor does exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant has over eleven misdemeanor convictions and has ten felony convictions. The charges with which the defendant is presently charged, if committed, were committed during periods of time when he had been released on bond as a result of other criminal convictions. The undersigned finds that the defendant is addicted to controlled substances. As a result of the criminal record of the defendant and his addictions, the undersigned finds by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community.

The undersigned does not find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. The defendant has always resided in Jackson County, NC.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

    Signed: December 17, 2009

    _____
    Dennis L. Howell
    United States Magistrate Judge