# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:09cr31

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) PRELIMINARY ORDER |
| | ) OF FORFEITURE |
| WILLIAM REX BRYSON. | ) |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture [Doc. 14]. No response has been received from the Defendant.

## PROCEDURAL HISTORY

On December 1, 2009, the Defendant was charged with two counts of being a felon in possession of firearms, in violation of 18 U.S.C. §922(g)(1). [Doc. 1]. The indictment contains a notice of forfeiture of "all property involved in the violations" and specifically cites the two firearms allegedly possessed by the Defendant: a Charter Arms .38 Special pistol and a Llama 9mm pistol. [Id.].

On March 8, 2010, the Defendant entered into a plea agreement with Government pursuant to which he agreed to plead guilty to Count One of the indictment. [Doc. 12]. The plea agreement contains the following provision:

> The defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Bill of Indictment including, but not limited to, all assets specifically listed in the Bill of Indictment and all assets listed in any separate list or consent order signed by the defendant.

[Id., at 6].

On March 12, 2010, the Defendant attended his Rule 11 hearing and entered his plea of guilty to Count One. [Doc. 13]. The Government thereafter moved for a preliminary order of forfeiture.

## DISCUSSION

Federal Rule of Criminal Procedure 32.2(b) provides in pertinent part:

> As soon as practicable after a ... plea of guilty ... is accepted, on any count in an indictment ... regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. ... The court's determination may be based on evidence already in the record, including any written plea agreement[.]

Fed.R.Crim.P. 32.2(b)(1).

The Defendant has pled guilty in Count One to being a convicted felon in possession of a firearm, a Charter Arms .38 Special. 18 U.S.C. §924(d)(1)

2

provides that any firearm involved or used in a violation of §922(g)(1) is subject to seizure and forfeiture. In the plea agreement, the Defendant agreed that all items seized during the investigation of his case were subject to forfeiture. The second pistol, the Llama 9mm pistol, was seized during the investigation. The Court finds the admissions of the Defendant in his plea agreement establish a nexus between the two firearms and the offense. As a result, the Court will enter a preliminary order of forfeiture.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Preliminary Order of Forfeiture [Doc. 14] is hereby **GRANTED** and the following items are hereby preliminarily forfeited to the United States for disposition according to law: a Charter Arms .38 Special (serial number 160739) and a Llama 9mm pistol (serial number B16889).

**IT IS FURTHER ORDERED** that the United States shall comply with all applicable substantive and procedural provisions prior to seeking a final order of forfeiture and shall provide notice thereof to the Court.

Signed: April 13, 2010

Martin Reidinger
United States District Judge